## THE W. B. CASTLE.

*(Circuit Court E. D. Michigan. May 8, 1883.)*

LIBEL AGAINST TUG—NEGLIGENCE—CROSS-LIBEL—DECREE.

Where a libel is filed against a tug for negligence, and a cross-libel by the owners of the tug for towage services, and the libelant recovers his damages, less the value of the towage services, no mention being made of the cross-libel in the decree, libelant's proctor is entitled to but one docket fee.

In Admiralty. On appeal from the clerk's taxation of costs.

The original libel was filed in "a case of negligent towage and collision." It set up a contract of towage, and averred that, while in the performance of said contract, the barge McDougall, by the mismanagement or fault of the tug W. B. Castle, was brought into collision with the schooner Foster, and suffered damages, which libelant sought to recover. The answer admitted the towage contract, but averred that the collision was not the fault of the tug, but of the barge. A cross-libel was filed on behalf of the tug, claiming to recover for services in towing the barge from her port of departure to the place of the collision, and also for certain services rendered to the barge after the collision. The answer to the cross-libel averred that the towage claim ought not to be allowed against said barge, if at all, otherwise than as a set-off to libelant's claim for damages by reason of

the collision set forth in the original libel. The only substantial question at issue between the parties concerned the negligence of the tug. A decree was entered in the district court, finding the tug in fault for the collision, and referring it to the clerk, who reported the damages. The clerk, in his computation of damages, allowed the cross-libelants the sum of $100 for the towage services rendered. A decree was rendered in favor of the original libelants for the difference between the damages claimed by them and the amount so allowed cross-libelants. One appeal only was taken from this decree, and upon such appeal the decree of the district court was affirmed. In the taxation of costs in the circuit court, libelant claimed not only the usual proctor's fee upon a final decree, but also a proctor's fee upon the cross-libel.

H. H. *Swan*, for libelant.

F. H. *Canfield*, for cross-libelants.

BROWN, J. Without expressing an opinion whether, in an ordinary case of libel and cross-libel for collision, the successful party would be entitled not only to a docket fee upon his libel, but another upon the cross-libel, it is entirely clear to my mind that, in this case, the libelant is entitled to but one fee. These cases were not only treated as one suit, but in the decrees rendered, both in the district and circuit courts, no mention is made whatever of the cross-libel for towage. The original libelant was allowed his claim for damages, less a part of the sum claimed by the cross-libelants for their services. This claim was settled between the parties at $100, and was deducted by the clerk from libelant's claim for damages. To this extent, at least, the cross-libelant was successful, and I cannot conceive upon what principle his adversary is entitled to a proctor's fee upon his libel.

The clerk will proceed to tax the costs by allowing the libelant but a single fee.